GLD-276                                                NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2798
_____

TIM MCGEACHY,
                                               Appellant

v.

JOHN DOE #1, Warden; LAWRENCE COUNTY
CORRECTIONAL CENTER; JOHN DOE #2,
Hudson County Sheriff's; Governor Commonwealth
of Pennsylvania
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 10-cv-00917)
District Judge:  Honorable Gary L. Lancaster
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
August 25, 2011
Before:  AMBRO, CHAGARES AND COWEN, Circuit Judges

(Opinion filed:  September 20, 2011)
_____

OPINION
_____

PER CURIAM

        Tim McGeachy, a New Jersey prisoner proceeding pro se, appeals from the

District Court's order dismissing his 42 U.S.C. § 1983 complaint pursuant to 28 U.S.C.

§§ 1915(e)(2) and 1915A.  Because the appeal does not present a substantial question, we will summarily affirm.  See 3d Cir. LAR 27.4; 3d Cir. IOP 10.6.

I

McGeachy was arrested in December 2009 in New Castle, Pennsylvania, on an arrest warrant issued by authorities in New Jersey.  Pursuant to a detainer, McGeachy was held at the Lawrence County Correctional Facility ("LCCF").  The New Jersey authorities indicated their intent to extradite McGeachy.  Although McGeachy initially waived any challenge to extradition, he withdrew his waiver and, through his public defender, filed a state petition for habeas corpus to challenge extradition.  After a hearing, the Court of Common Pleas, Lawrence County, held that all legal prerequisites to authorize McGeachy's extradition had been proved, and the court ordered him released into the custody of the Hudson County, New Jersey Sheriff, who transported McGeachy back to Hudson County on April 8, 2010.

Thereafter, McGeachy filed in the District Court a complaint under 42 U.S.C. § 1983, alleging that the LCCF, its warden, Brian Covert, and the Hudson County Sheriff violated his constitutional rights and the Pennsylvania Uniform Criminal Extradition Act, 42 Pa. Cons. Stat. Ann. §§ 9121, *et. seq.*, by effecting his extradition to New Jersey.  He sought $25 million in damages.  McGeachy filed a motion for summary judgment, and the LCCF and Warden Covert filed a motion to dismiss.  Because McGeachy was a prisoner proceeding in forma pauperis, the District Court screened his complaint pursuant to 28 U.S.C. §§ 1915(e) and 1915A.  The Magistrate Judge recommended dismissing the

2

complaint as legally frivolous under the Rooker-Feldman doctrine.[1] The District Court

adopted the Report and Recommendation over McGeachy's objections and denied the

parties' motions as moot. McGeachy filed a timely notice of appeal.

II

We have jurisdiction pursuant to 28 U.S.C. § 1291, and we may summarily affirm

if McGeachy does not raise a substantial question on appeal. See 3d Cir. LAR 27.4; 3d

Cir. IOP 10.6. We exercise plenary review over the District Court's decision to dismiss

McGeachy's complaint under § 1915. See Tourscher v. McCullough, 184 F.3d 236, 240

(3d Cir. 1999). Under that standard, which is the same standard we apply to a dismissal

under Federal Rule of Civil Procedure 12(b)(6), "[w]e accept all well-pleaded allegations

in the complaint as true and draw all reasonable inferences in [McGeachy's] favor."

Capogrosso v. Sup. Ct. of New Jersey, 588 F.3d 180, 184 (3d Cir. 2009) (quoting

McGovern v. Philadelphia, 554 F.3d 114, 115 (3d Cir. 2009)). "The District Court's

judgment is proper only if, accepting all factual allegations as true and construing the

complaint in the light most favorable to [McGeachy], we determine that [he] is not

entitled to relief under any reasonable reading of the complaint." McGovern, 554 F.3d at

---

[1] See Dist. of Columbia Ct. App. v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923). McGeachy's complaint does not appear to us to be an attempt to "appeal" his extradition to the District Court. See, e.g., Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 166 (3d Cir. 2010) (noting that the Rooker-Feldman doctrine is limited to cases where, inter alia, a plaintiff is seeking review of a state-court judgment). To the extent that McGeachy intended for the District Court to invalidate his extradition, however, the District Court correctly concluded that Rooker-Feldman would bar such an action.

Further, we may affirm on any grounds supported by the record. See Hughes v. Long, 242 F.3d 121, 122 n.1 (3d Cir. 2001). We conclude that dismissal was appropriate because McGeachy could not assert a claim under § 1983 against any of the defendants.

The thrust of McGeachy's complaint is that the defendants should not have participated in his extradition to New Jersey.[2] It is well-settled that "action taken pursuant to a facially valid court order receives absolute immunity from § 1983 lawsuits for damages." Hamilton v. Leavy, 322 F.3d 776, 782-83 (3d Cir. 2003). In this case, the LCCF defendants delivered McGeachy pursuant to the Court of Common Pleas' April 2008 order. McGeachy has presented no reason to conclude that the order was not facially valid. Thus, the LCCF defendants were entitled to absolute immunity for the actions they took pursuant to that order, rendering McGeachy's complaint against them legally frivolous. See id. Moreover, McGeachy has provided no reason to conclude that the Hudson County Sheriff, who took McGeachy into custody pursuant to the Court of Common Pleas' order, was not also entitled to immunity.[3]

Finally, we note that McGeachy attempted to have his complaint served on Governor Rendell, but the District Court dismissed the complaint before service could be completed. McGeachy's complaint did not expressly raise any claims against Governor

---

[2] We note that McGeachy did not name as defendants anyone who played a role in preparing or prosecuting the extradition request in the Pennsylvania state courts.

[3] For the same reason, we perceive no error in the District Court's decision to dismiss McGeachy's complaint without first granting him leave to amend against these

Rendell.  To that end, dismissal was appropriate because McGeachy failed to allege that Governor Rendell was personally involved in his extradition.  See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) (holding that "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs," which "can be shown through allegations of personal direction or of actual knowledge and acquiescence.").  Indeed, McGeachy seemed to complain that he was extradited despite the fact that Governor Rendell had not issued a governor's warrant, although it is unclear from the papers before us whether a warrant was issued or not.

Alternatively, to the extent that McGeachy may have complained that Governor Rendell *did* issue a warrant, the Governor was entitled to immunity.  See White v. Armontrout, 29 F.3d 357, 360 (8th Cir. 1994); see also Overall v. Univ. of Pa., 412 F.3d 492, 497 (3d Cir. 2005) (discussing the meaning of "quasi-judicial" proceedings, and providing as one example "the governor of a State of the United States engaged in an extradition hearing").

Accordingly, we will affirm.

---

defendants.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).